**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JUDITH SCRASE,

        Plaintiff,

vs.

PAUL DEL GRANDE, *et al.*,

        Defendant.

2:14–cv–296–JCM–VCF

**ORDER AND
REPORT & RECOMMENDATION**

      Before the court are Plaintiff Judith Scrase's Motion/Application to Proceed *In Forma Pauperis* (#1[1]) and Complaint (#1-1).

### *IN FORMA PAUPERIS* APPLICATION

      Plaintiff Judith Scrase asserts in his application to proceed *in forma pauperis* that she is currently retired, has a monthly income of $1,617.00, and supports two minor children. (#1). (*Id.*) Accordingly, plaintiff's request to proceed *in forma pauperis* is granted pursuant to § 1915(a).

### LEGAL STANDARD

      Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

---

[1] Parenthetical citations refer to the court's docket.

1

relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

## DISCUSSION

The gravamen of Scrase's complaint is that the proposed Defendants perjured themselves in a state court proceeding, which Scrase now attempts to overturn, challenge, or correct through this action. (*See* Compl. (#1-1) at 2, 21). This fails for two reasons. First, federal district courts cannot exercise appellate jurisdiction over state court actions. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923). Second, under Nevada law, there is no private right of action for perjury. *See In re Norton*, 489 B.R. 203, 207 (D. Nev. 2013) ("[T]here is no private right of action to enforce the criminal perjury statute. The Court affirms dismissal of this claim.").

More importantly, however, the court finds that it lacks jurisdiction. Federal Rule of Civil Procedure 8(a)(1) provides that a pleading must contain "a short and plain statement" of the grounds for the court's jurisdiction. In compliance with Rule 8, Scrase's complaint states that the court has jurisdiction under 28 U.S.C § 1332 because Plaintiff "and all Defendants . . . were all residents of California, different states." (Compl. (#1-1) at 1). Scrase misunderstands what diversity jurisdiction requires. Diversity jurisdiction requires every defendant to reside in a state that is different (or diverse from) the state where the Plaintiff resides. *See Strawbridge v. Curtiss*, 3 Cranch 267, 7 U.S. 267 (1806).

Here, Scrase concedes that Plaintiff and Defendants "were all residents of California." (Compl. (#1-1) at 1). This does not support federal jurisdiction under 28 U.S.C § 1332.

Additionally, the court finds that it lacks jurisdiction because it "appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount" required by 28 U.S. Code § 1332(a). *See Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348 (1961). Scrase's complaint states that she seeks to challenge a state court judgment and small claims proceeding regarding sums of money for liens, contracts, and loans in the amount of $5,026.00, $1,523.00, $3,500.00, and $2,000.00. (*See* Compl. (#1-1) at 1-3). In order to recover these funds, Scrase filed causes of action for unjust enrichment, fraud, and intentional infliction of emotional distress. (*Id*. at 21). It is legally certain that these claims cannot satisfy the jurisdictional amount required by 28 U.S.C. § 1332(a).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that the Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

## RECOMMENDATION

IT IS RECOMMENDED that plaintiff's Complaint (#1-1) BE DISMISSED WITH PREJUDICE.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the

objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 3rd day of March, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE